IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMANDA KMETKO, ) | CASE NO. 5:12 CV 783 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | WILLIAM H. BAUGHMAN, JR. |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| Defendant. ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Amanda Kmetko, for disability insurance benefits. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Kmetko had severe impairments consisting of depression, with psychotic features; generalized anxiety and obsessive-compulsive disorders.[1] The ALJ made the following finding regarding Kmetko's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that from the alleged onset date of March 3, 2001, through the date last insured of March 31, 2003, the claimant had the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: She was limited to a work environment with, in general, relatively few workplace changes. She was limited to occasional interaction with coworkers and the general public. She could not have interacted with others in situations requiring substantial negotiation, persuasion, or conflict resolution. She could

---

[1] Transcript ("Tr.") at 13.

not have worked in an environment with high quotas, strict time limits or deadlines, or fast-paced production demands (such as those encountered in piece work or on a fast moving assembly line.).[2]

Given that RFC, the ALJ decided that this RFC precluded Kmetko from performing her past relevant work.[3]

Based on an answer to a hypothetical question posed to the vocational expert ("VE") at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Kmetko could perform.[4] The ALJ, therefore, found Kmetko not under a disability.

Kmetko asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Kmetko argues that the RFC finding lacks the support of substantial evidence.

The Court concludes that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

This case presents a single issue for review:

The ALJ gave the opinion of Kmetko's treating psychiatrist controlling weight. The treating psychiatrist opined multiple moderate mental limitations (impairments) but did not offer any work-related limitations. Does substantial

---

[2] *Id.* at 17.

[3] *Id.* at 20.

[4] *Id.*

evidence support the ALJ's finding as to the limitations imposed by Kmetko's admitted, moderate mental limitations?

During the relevant time period, and thereafter through the date of decision, Bharat Shah, M.D., a board certified psychiatrist, treated Kmetko. On August 4, 2011, he prepared a Mental Residual Functional Capacity Assessment using Form SSA-4734-F4-SUP, the same form used by state agency reviewing psychologists in giving RFC assessments.[5] In that assessment, he rated Kmetko moderately limited in a number of categories.[6] He did not, however, complete the section of the form calling for a functional capacity assessment of Kmetko.[7] Attached to Dr. Shah's assessment was a second form titled "Medical Assessment of Ability to do Work-Related Activities (Mental)."[8] Dr. Shah also did not complete this form.

The ALJ gave Dr. Shah's opinion controlling weight.[9] Based upon the multiple, moderate limitations noted in that opinion, he adopted a residual functional capacity finding that incorporated significant, nonexertional mental limitations:

- A work environment with, in general, relatively few workplace changes;

- A limitation to occasional interaction with supervisors;

---

[5] *Id.* at 405-08.

[6] *Id.* at 405-06.

[7] *Id.* at 407.

[8] *Id.* at 409-10.

[9] *Id.* at 19.

- A limitation to occasional and superficial interaction with coworkers and the general public;

- No interaction with others in situations requiring substantial negotiation, persuasion, or conflict resolution; and

- No work in an environment with high quotas, strict time limits or deadlines, or fast-paced production demands.[10]

Incorporating this residual functional capacity into a hypothetical posed to a VE, the ALJ found Kmetko, at step five, capable of performing jobs that exist in significant numbers in the national and local economy.[11]

Kmetko's argument is twofold. First, she argues that the ALJ, in giving controlling weight to Dr. Shah's opinion, should have imposed additional and more stringent limitations in the residual functional capacity finding. Specifically, she points to the testimony of the VE that if Kmetko was off task 20% of the time, no work would exist that she could perform.[12]

As acknowledged at the oral argument held in this case,[13] the "moderately limited" ratings in Dr. Shah's assessment[14] are in reality opinions of the severity of Kmetko's mental impairments, not reflections of work-related limitations or work-related capabilities properly incorporated into an RFC finding. Dr. Shah himself made this clear by refusing to make a

---

[10] *Id.* at 17.

[11] *Id.* at 20.

[12] *Id.* at 65.

[13] ECF # 21.

[14] Tr. at 405, 406.

functional capacity assessment.[15] The hypothetical to the VE should include a description of what the claimant can and cannot do, not a statement of the claimant's medical condition (impairments).[16]

Second, counsel for Kmetko argues that the ALJ should have called a medical expert to offer an opinion at the hearing. Under the regulations and the case law of the Sixth Circuit,[17] an ALJ has wide discretion to decide in whether to call a medical expert. Here the treating psychiatrist has given an opinion, the ALJ accorded that opinion controlling weight, and the record contains complete treatment notes of the treating psychiatrist.[18] Based upon this medical record, the ALJ was within his discretion to determine an RFC without calling a medical expert to testify at the hearing.

Bottom line, the issue is one of substantial evidence. Given Dr. Shah's opinion and his treatment notes, substantial evidence supports the work-related limitations/capabilities incorporated into the residual functional capacity finding.

To be sure, the transcript evidence may be interpreted to justify greater limitations, but a reasonable mind might conclude that the ALJ's finding had adequate support in this

---

[15] *Id.* at 407, 409-10.

[16] *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 631-33 (6th Cir. 2004).

[17] *E.g.*, *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 189 (6th Cir. 2009).

[18] Tr. at 224-64.

evidence. The reviewing court need not agree with the ALJ's finding, as long as it is substantially supported in the record.[19]

## Conclusion

Substantial evidence supports the finding of the Commissioner that Kmetko had no disability. Accordingly, the decision of the Commissioner denying Kmetko disability insurance benefits is affirmed.

IT IS SO ORDERED.

Dated: September 6, 2013                    s/ William H. Baughman, Jr.
                                            United States Magistrate Judge

---

[19] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).